## Roberts v. Edger.

(Decided December 1, 1931.)

LOUIS J. TOOMBS for appellant.

HENRY S. McGUIRE, R. E. L. MURPHY, BRUCE FULLER, and ANTHONY W. THOMSON for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—Affirming.

The appellee, Mrs. A. W. Edger, on November 28, 1928, made a contract with the Colonial Home Builders' Corporation to build her a house for $6,200. On that day she conveyed to it the lot upon which the house was to be built, designated as lot No. 10. After completion of the building, the corporation was to reconvey it to her free of incumbrance. On the consideration Mrs. Edger paid $500 cash and became obligated upon completion of the work to pay $4,700 additional and to convey to the corporation lot No. 20, upon which a valuation of $1,000 was placed.

It appears that the construction did not proceed with diligence, and only a comparatively small part had been done on January 12, 1929, when Taylor, the president of the corporation, requested that Mrs. Edger convey lot No. 20, to a third party, Wharton, which she did. For this she accepted the instrument of writing which became the subject-matter of this lawsuit. That paper, signed by Taylor and the appellant, Sam H. Roberts, was upon the form of a plain note, and was an explicit promise to pay Mrs. Edger $1,000, with interest, sixty days from its date. There was written into the note this provision:

"This note is given in consideration of a deed having been executed to M. F. Wharton, and when Colonial Home Builders Corporation has complied with a contract which it is now under to build a home for Mrs. Edger, this note is to be marked 'paid and satisfied' without further consideration."

The building was never completed. Mrs. Edger brought suit on the instrument and recovered judgment against Roberts for the full amount called for. Taylor had been adjudicated a bankrupt. The appellant's defense was and is that it was a bond of indemnity upon which he was only a surety and that he had been relieved from all liability because of material changes in the building contract made without his consent.

During the progress of the work the corporation went into bankruptcy. Taylor seems to have individually assumed the job. Several changes were made in the building, principally enlarging the windows. Finally Taylor threw up the job without finishing it. In the meantime lot No. 10, upon which the house was being erected, had been mortgaged to a bank to secure a loan of $5,000. Mechanics' liens in a considerable sum had also accumulated upon it.

Each party was permitted to testify as to how he regarded or construed the instrument of writing. Mrs. Edger stated that it was given in consideration of the conveyance of lot No. 20 at the time instead of waiting to convey it to the corporation as a part of the final payment when the house had been completed. The appellant and Taylor insisted that it was intended as a bond of indemnity. The court submitted to the jury the issue as to its character upon the theory of ambiguity of intention. The appellant argues that the court erred in this, as it was its duty to construe the instrument and to have construed it as a bond of indemnity with a release of himself as surety. It seems to us immaterial whether the instrument be called a note or bond. It was a definite obligation, assumed by the signers, to pay to Mrs. Edger $1,000. If the building was not completed, it was to be paid in cash; if it was completed, then it would have been paid in material and labor.

Evidence was introduced concerning the alterations in the building and as to whether they were made because desired by Mrs. Edger or because of error in the plans. Their cost was less than 5 per cent of the total cost of the building.

The specifications which were a part of the contract by reference provided that changes might be made in the building upon the written order of the architect, and that was done. So the changes were contemplated. If appellant's construction of the paper should be sustained, he could not claim that there was a material vari-

ation in that contract which affected his liability because the option thus impliedly contained in it was exercised.

The facts and character of instrument involved in Hammond v. Hurst, 211 Ky. 167, 277 S. W. 308, and cases therein reviewed, distinguish them from this and make inapplicable here the law there applied.

The lot and uncompleted house was sold under foreclosure proceedings to satisfy the liens, and this building venture has resulted in the loss to Mrs. Edger of her lot No. 10, and $500 in cash, as well as trouble and disappointment. The appellant was indirectly financially interested in having her convey her other lot to Wharton for the benefit of the building company long before its contract was complied with, and thereby surrender her security for its fulfillment. That was the consideration stated in the obligation and not the faithful performance of the building contract.

We are of the opinion that the trial court should have peremptorily instructed the jury to find for the plaintiff; and, since the jury under different instructions reached the same verdict, the judgment should be and it is affirmed.